UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY MCNULTY, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> POLAR CORP., <br><br> Defendant. | Civil Action No. 1:19-cv-08903-LGS <br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS, disclosure and discovery in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted; and

WHEREAS, the parties to this litigation having agreed to the following terms of confidentiality, and the Court having found that in view of the nature of the non-public, confidential, competitively sensitive, proprietary information and trade secrets that may be disclosed in this matter, good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action; and

ACCORDINGLY, the parties hereby stipulate and petition the court to enter the following Stipulated Protective Order ("Order"), which shall bind to its terms, without limitation, the parties to this action, their respective attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order as follows:

1. Definitions

    a. Challenging Party: an individual or entity that challenges the designation of information or items under this Order.

1

b. <u>"Confidential" Information or Items</u>: information, documents, testimony, or things that a Designating Party believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party persons, firm, partnership, corporation or organization from which the documents, testimony or information was obtained. Confidential information shall also include business negotiations and/or dealings, business agreements, financial information and transactions, confidential business practices, confidential research, development and testing, commercial information, information implicating privacy rights of third parties, information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Such information may consist of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any third party (whether oral, in writing, or via videotape); (2) documents produced in this action by any party or by any third party; (3) written discovery responses given by any Party; (4) any documents or pleadings filed with the Court which attach, contain or disclose any such "CONFIDENTIAL" Information; and (5) the information

contained within such documents, testimony or discovery responses so properly designated.

c. <u>"HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"</u> shall be limited to documents, testimony, information or things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret. None of the restrictions set forth in this Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Order, or any law or statute.

d. <u>Counsel</u>: Counsel of record, in-house or corporate counsel, as well as their respective support staff.

e. <u>Designating Party</u>: a party or non-party that designates items, information, or documents that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or <u>"HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."</u>

f. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, electronically stored information and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

g. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

h. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

i. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

j. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "<u>HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY</u>."

k. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2. <u>Scope</u>. The protections conferred by this Order apply to Protected Material and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Order do not apply to (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party

4

3. <u>Duration.</u> Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. <u>Designating Protected Material</u>

   a. Parties may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the material meets the requirements listed in Sections 1.2 and 1.3, above.

   b. Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards, and must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

   c. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all Parties that it is withdrawing the designation.

   d. Any Party may designate information or documents disclosed by another as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents, providing an

identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.

e. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    i. for paper or electronic documents (but excluding transcripts), that the Producing Party mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) as Protected Material. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" or "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

|      | or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" legend to each page that contains Protected Material. |
|------|---|
| ii.  | for testimony given in deposition or in other proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing or proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of a certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." |
| iii. | for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container in which the item is |

      stored the legend "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" or "CONFIDENTIAL." If only a portion of the item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  f. Use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY.

  g. If corrected within 21 days, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  5. <u>Challenging Confidentiality Designations</u>. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  The Challenging Party shall provide written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating

Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may seek judicial intervention only if it has engaged in this meet and confer process or can establish that the Designating Party is unwilling to meet and confer.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6. <u>Access To and Use of Protected Material</u>. A party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The parties shall not disclose information or documents designated as confidential to putative class members not named as class representative plaintiffs unless and until one or more classes has/have

been certified. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    a. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        i. the Receiving Party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

        ii. officers, directors, and employees (including corporate counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

        iii. Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation;

        iv. the Court and its personnel;

        v. Court reporters, videographers, and their staff, professional jury or trial consultants, mock jurors, and vendors to whom disclosure is reasonably necessary for this litigation;

        vi. during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

        vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        viii.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    b.    <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" only to the following persons:

        i.    the Receiving Party's counsel of record and counsel's employees to whom it is reasonably necessary to disclose the information;

        ii.    Experts to whom disclosure is reasonably necessary for this action;

        iii.    the Court and its personnel;

        iv.    court reporters and videographers and their staff, and vendors to whom disclosure is reasonably necessary for this litigation;

        v.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        vi.    any mediator or settlement officer, and their personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.    <u>Inadvertent Disclosure</u>. The inadvertent disclosure of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating it as attorney-client privileged or subject to the work

product doctrine at a later date. Any Party receiving any such information or document shall return it upon request from the producing Party. Upon receiving such a request as to specific information or documents, the Receiving Party shall return the information or documents to the producing party within five (5) business days, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by F.R.E. 502(d).

8. <u>Confidential Information Filed with Court.</u> Any Party wishing to file documents in redacted form or wholly under seal shall ~~email a letter to Chambers~~ do so in accordance with the Individual Rules of Judge Schofield.

9. <u>Return of Confidential Material</u>. The terms of this Order shall survive the termination of this action, including appeals, at which point all material treated as confidential under this Order shall be returned to the originating party or destroyed if the parties so stipulate.

**SO STIPULATED AND AGREED**

| | |
|---|---|
| **GREG COLEMAN LAW PC**<br>*Counsel for Plaintiff and the Purported Class* | **GORDON & REES SCULLY MANSUKHANI LLP**<br>*Counsel for Polar Corp.* |
| By: */s/ Gregory F. Coleman*<br>    Gregory F. Coleman<br>    Rachel Soffin<br>    Mark E. Silvey | By: */s/ Peter G. Siachos*<br>    JoAnna M. Doherty<br>    Peter G. Siachos |
| 800 S. Gay Street, Suite 1100<br>Knoxville, TX 37929<br>T: (865) 247-0080<br>E: greg@gregcolemanlaw.com<br>E: rachel@gregcolemanlaw.com<br>E: mark@gregcoleman.law.com | 18 Columbia Turnpike, Suite 200<br>Florham Park, NJ 07932<br>T: (973) 549-2500<br>E: psiachos@grsm.com<br>E: jmdoherty@grsm.com |
| Dated:  April 9, 2020 | Dated:  April 9, 2020 |

**BARBAT MANSOUR & SUCIU PLLC**
*Counsel for Plaintiff and the Purported Class*


By:  */s/ Nick Suciu III*
     Nick Suciu III

1664 Bracken Road
Bloomfield Hills, MI 48302
T: (313) 303-3472
E: nicksuciu@bmslawyers.com

Dated:  April 9, 2002


**SIMMONS HANLY CONROY LC**
*Counsel for Plaintiff and the Purported Class*


By:  */s/ Mitchell M. Breit*
     Mitchell M. Breit

112 Madison Ave.
New York, NY 10016
T: (212) 784-6400
E: mbreit@simmonsfirm.com

Dated:  April 9, 2020


**BRUSCA LAW PLLC**
*Counsel for Plaintiff and the Purported Class*


By:  */s/ Lauren Brusca*
     Lauren Brusca

221 NE Ivanhoe Blvd., Suite 200
Orlando, FL 32804
T: (407) 501-6564
E: lauren@bruscalaw.com

Dated:  April 9, 2020

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

**IT IS SO ORDERED.**

DATED: April 9, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**